### DONOHUE v. BOSTON & M. R. R.

(Circuit Court of Appeals, Second Circuit. December 9, 1913.)

No. 48.

1. APPEAL AND ERROR (§ 882*) — CAUSES OF ACTION — JOINDER FOR TRIAL — RIGHT TO ALLEGE ERROR.

Where two actions for injuries to different individuals in the same accident were joined and tried with plaintiff's express consent, he could not successfully claim that he was prejudiced by such procedure on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

2. COURTS (§ 406*)—APPELLATE JURISDICTION—MOTION TO SET ASIDE VERDICT —INADEQUACY.

A writ of error does not lie to bring to the Circuit Court of Appeals for review the denial of a motion to set aside a verdict for plaintiff as inadequate.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103; Dec. Dig. § 406.*]

3. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE—PERSONAL INJURIES.

Where, in an action for injuries to a passenger, defendant conceded that the collision happened through the negligence of its servants and that it was liable for the consequences thereof but did not concede that plaintiff was in any way injured or that he had been thrown down by the collision, it was error for the court to charge that, under defendant's admissions, plaintiff was at least entitled to recover nominal damages.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

4. APPEAL AND ERROR (§ 1057*)—RULINGS ON EVIDENCE—PREJUDICE.

Where, in an action for injuries to a passenger, there was no dispute that at the time of the collision the speed of the train was sufficiently great to toss about and throw down some of the persons in the car in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which plaintiff was riding, he was not prejudiced by the exclusion of the testimony of a witness as to the speed of the train shortly before it reached the place of the accident.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4194–4199, 4205; Dec. Dig. § 1057.*]

**5. APPEAL AND ERROR (§ 1048*)—RULINGS ON EVIDENCE—PREJUDICE.**

Where plaintiff sued for injuries alleged to have been sustained in a railroad accident, and a witness had testified that he only remembered the crash, plaintiff was not prejudiced by the exclusion of a question asking the witness what he saw.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

**6. APPEAL AND ERROR (§ 1052*)—RULINGS ON EVIDENCE—PREJUDICE.**

Where, in an action for injuries to a passenger, the conductor subsequently testified from a memorandum made at the time that 15 passengers complained of injuries, plaintiff not being among them, he was not prejudiced by the admission of an answer of the conductor, over objection, that only one or two complained of slight bruises.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

**7. APPEAL AND ERROR (§ 1050*)—RULINGS ON EVIDENCE—PREJUDICE.**

Where, in an action for injuries to a passenger, it had already appeared without objection that one of the passengers was "fighting drunk," plaintiff was not prejudiced by a statement of a witness, who wrote a story of the accident, that he saw bottles on the floor of the car.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

**8. APPEAL AND ERROR (§ 1029*)—RULINGS ON EVIDENCE—PREJUDICE.**

Where, in an action for alleged injuries to a passenger, the jury must have found that he had not been injured at all, exceptions taken to the examination of expert physicians on the issue of damages would not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4035, 4036; Dec. Dig. § 1029.*]

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the District Court, Southern District of New York, in favor of plaintiff in error, who was plaintiff below. The action was to recover damages alleged to have been sustained while plaintiff was riding on a train on defendant's road; such train coming into what is called a "side-wipe" collision with a freight car. The jury rendered a verdict in favor of plaintiff for six cents damages.

Richard J. Donovan and Herbert D. Cohen, both of New York City, for the plaintiff in error.

Charles M. Sheafe, Jr., of New York City, for the defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. [1] Several other persons, who were riding in the same car as plaintiff, brought similar actions. Two of these causes, plaintiff's and that of one Long were tried together be-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fore the same jury. Not infrequently two actions for negligence resulting in injury to a single individual, one by the injured party a married woman for her pain and suffering, and the other by her husband for loss of services and expenses of treatment, are thus tried together. We think, however, that where, as here, there is question whether two independent individuals were each actually injured, the practice of trying both cases at the same time before the same jury is an unsatisfactory one. Plaintiff in error contends that he has been prejudiced by it, but he is in no position to raise such objection; that method of trial was adopted with his expressed consent; indeed, it could not have been adopted had he objected at the time.

[2] Plaintiff moved to set aside the verdict as inadequate, and his motion was denied. It is well settled that a writ of error does not bring to this court for review the denial of such a motion, or any question as to the adequacy of the amount awarded for damages in a cause like this.

[3] Incidentally we may note that apparently the trial judge was in error in charging the jury that they must, in any event, award the plaintiff six cents. This seems to have occurred through a misapprehension as to the scope of defendant's concessions. It did concede that the collision happened through the negligence of its servants, and that it was liable for the consequences of such collision. It did not concede that the plaintiff was in any way injured by the collision, or even that he was thrown down by it. Evidently, if they had not been instructed to bring in a verdict of six cents, the jury's verdict would have been for defendant.

Plaintiff testified that he was thrown down, received a severe blow on the back of his head, which made him unconscious and prevented his doing any work for a considerable period of time. He had a scar on the back of his head which he said was the result of such wound. The cut indicated by the scar would bleed profusely, but no one saw any blood on Donohue at the time or heard him complain of any injury. Witnesses who were corroborated by records and time cards testified that at the very time when, as plaintiff testified, he was laid up as a result of the injury he received at the time of the collision he was back at his job, passed by a doctor as fit to work (as the state statute required), doing full day's work and earning full day's pay. Apparently the jury were satisfied that he lied to them deliberately and intentionally as to the nature of his alleged injuries, and, having reached that conclusion, rejected his whole testimony as they had the right to do. If they rejected his testimony there was no evidence at all that he was cut, or thrown, or injured in any way at the time of collision.

[4] There are several exceptions to admission or rejection of testimony which are assigned as error. A witness was not allowed to testify to the speed of the train a little while before it reached the place of the accident. There was no dispute that at the time of collision it was fast enough to toss about and throw down some of the persons in the car.

[5] A witness McKeon, who was in the car, said that he "remembers the crash and that's all he remembers." A question, "what did you see?" was disallowed, but as he had no recollection of seeing Donohue on that day, and said that he remembers only the crash, there seems to be no harmful error in this exclusion.

[6] An answer of the conductor that only one or two complained of slight bruises was objected to, but need not be considered, because subsequently the same witness, testifying from a memorandum made at the time, said that 15 complained; Donohue not being among them.

[7] An objection to a statement of the witness Hughes, a newspaper man who wrote up a story of the accident, that he saw "bottles" on the floor of the car is trivial and unimportant. It had already appeared without objection that one of the party was "fighting drunk."

[8] The verdict makes it unnecessary to consider the exceptions noted on examination of the expert physicians. If the jury had found that plaintiff was injured at all, had struck his head and cut his scalp and lost consciousness as he claimed, and had given some sum appropriate to such an injury—$100, or even $50 or $25—plaintiff might have been prejudiced if the answers to some of the questions excluded would be calculated to show that more serious consequences were likely to result from such a blow. But, since the jury evidently found that he had not received a blow which knocked him unconscious or cut his scalp, speculation as to what might have happened if he *had* received such a blow is unimportant.

The judgment is affirmed.