## In re WALKER STARTER CO.

### E. L. ESSLEY MACHINERY CO. v. BELSLEY.

(Circuit Court of Appeals, Seventh Circuit. May 17, 1916.)

No. 2341.

BANKRUPTCY ☞160—PREFERENCES—INSOLVENCY OF DEBTOR.

> Under Bankruptcy Act, July 1, 1898, c. 541, § 60b, 30 Stat. 562 (Comp. St. 1913, § 9644), stating, as one element of a preference, insolvency of the debtor at the time of the transfer, the insolvency which must be shown is not merely that the debtor was unable to pay all his debts if then presented, but under direct provision of section 1, subd. 15 (section 9585) that his property, at a fair valuation, was then insufficient to pay his debts.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 249; Dec. Dig. ☞160.]

Appeal from the District Court of the United States for the Northern Division of the Southern District of Illinois.

In the matter of Walker Starter Company, bankrupt. Petition of the E. L. Essley Machinery Company to recover possession of certain personal property. From a decree of the District Court for the Southern District of Illinois, Northern Division for the trustee, petitioner appeals. Reversed and remanded.

Harry A. Biossat, of Chicago, Ill., for appellant.
Jay H. Magoon, of Lacon, Ill., for appellee.

Before BAKER, MACK, and ALSCHULER, Circuit Judges.

PER CURIAM. Appellant filed its petition to recover from the trustee possession of personal property on which appellant had a chattel mortgage, or in lieu of possession to have entered an order directing the trustee to pay the amount due upon the note secured by the chattel mortgage. The mortgage was dated September 1, 1914, within four months preceding the filing of the petition in bankruptcy. The trustee resisted upon the ground that the giving of the mortgage constituted a preference under section 60b of the Bankruptcy Act. This defense was sustained by the referee as special master and was approved by the district judge.

To establish a preference it was necessary for the trustee to prove that the mortgage was given while the mortgagor was insolvent, that the effect of the enforcement of such mortgage would enable the mortgagee to obtain a greater percentage of its debt than other creditors of the same class, and that the mortgagee had reasonable cause to believe that it was intended thereby to give a preference. Appellant admits that the last two of these elements were sufficiently proven; but insists that there was a total failure of proof to establish the mortgagor's insolvency on September 1, 1914.

An examination of the evidence shows that the special master correctly summarized it in his report by saying that at the time the mortgage was given the mortgagee was duly advised that the financial condition of the mortgagor was such that if the mortgagor's general creditors pushed their claims the mortgagor would then be unable to pay them.

Subdivision 15 of section 1 declares that:

"A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property * * * shall not, at a fair valuation, be sufficient to pay his debts."

No proof whatever was adduced respecting the amount of the mortgagor's property at a fair valuation on September 1, 1914, nor of any comparison thereof with the amount of the mortgagor's debts. And so the decree must be reversed.

But as it is manifest that the trustee and special master proceeded on the theory that it was enough to show that the mortgagor was not possessed on September 1, 1914, of sufficient ready means to satisfy his debts if they were then all presented, it is not in the interest of justice that a decree in favor of the mortgagee should be ordered. Consequently the decree is reversed and the cause remanded, with directions to permit the trustee to offer proof on the question of the insolvency of the mortgagor on September 1, 1914, within the definition of the statute, and to permit the mortgagee also to introduce any evidence it may have on the same question.

Reversed and remanded.