WIENER v. UNION TRUST CO.

(District Court, E. D. Michigan, S. D.   December 1, 1919.)

No. 5948.

1. BANKRUPTCY ⟨key⟩161(1)—TIME OF GIVING PREFERENCE.

A transaction by which a corporation, more than four months prior to its bankruptcy, made a verbal and later a confirmatory written assignment of stock in other corporations as security for a loan, *held* not to constitute a voidable preference, although the certificates of stock were not delivered until within four months of the bankruptcy.

2. APPEAL AND ERROR ⟨key⟩1028—ERRONEOUS RULINGS CURED BY VERDICT.

Where it is evident that a correct result has been reached, questions concerning the correctness of particular rulings, not affecting such result, are immaterial.

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Isaac Wiener, trustee in bankruptcy of the Progressive Circuit, Incorporated, against the Union Trust Company, executor of Frank B. Hibbler, deceased. Verdict for defendant, and plaintiff moves for new trial. Motion denied.

Joseph L. Stern, of Cleveland, Ohio, and Butzel & Butzel, of Detroit, Mich., for plaintiff.

John E. Moloney, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is a motion for a new trial. The action was brought by plaintiff, as trustee in bankruptcy of the estate of the Progressive Circuit, Incorporated, a corporation, to recover from the executor of the will of Frank B. Hibbler, deceased, hereinafter called defendant, an alleged preference received from said corporation and claimed to be voidable under section 60b of the Bankruptcy Act, Act July 1, 1898, c. 541, 30 Stat. 562 (Comp. St. § 9644). The declaration contained two counts. The first count was based upon the Bankruptcy Act, and charged that on October 6, 1914, the defendant, while a creditor of the bankrupt, holding its demand note, dated October 1, 1914, in the sum of $5,000, received a preference from the bankrupt, in that he secured from said bankrupt the delivery to himself of certain certificates of stock in another corporation, of the value of $5,000, in full payment of the indebtedness of said bankrupt to him, and that at the time of receiving such stock the bankrupt was insolvent, and defendant knew of such insolvency, and that such transfer operated as a preference in his favor. The second count was based upon the New York Stock Corporation Law (Consol. Laws N. Y. c. 59), and alleged in substance that on October 6, 1914, that law provided that no corporation which should have refused to pay any of its obligations then due should transfer any of its property to any of its officers, directors, or stockholders for the payment of any debt, or upon any other consideration than the full value of the property paid in cash; that no conveyance, assignment, or transfer by an insolvent corporation with intent to give a preference to a particular creditor should be valid; that every person receiving property by such prohibited transfer should be bound to account therefor to the creditors or stockholders or other trustee of such corporation; that every transfer or assignment contrary to this statute should be void; and that every director or officer of the corporation who should violate this section should be personally liable to the creditors and stockholders thereof to the full extent of any loss sustained by them by such violation. It was further alleged that the defendant, while president and a director of the bankrupt corporation, which had been organized under the laws of New York, unlawfully and knowingly accepted a preference from said corporation with intent to secure a preference, and that by reason of such violation of the statute the creditors and the estate of the bankrupt had sustained damages in the sum of $5,000, being the value of the stock so obtained as a preference by the defendant. There was also a count based on the common counts.

Said executor pleaded the general issue, and gave notice that it would show in its defense that the assignment of the stock referred to in the declaration as having been made on October 6, 1914 (that date being within four months prior to the filing of the petition in bankruptcy of the bankrupt corporation), was actually made on July 14, 1914, according to the terms of a certain offer made in writing by said corporation, through its secretary and treasurer, to the defendant, and duly accepted by him, which agreement was in the form of a letter dated July 14, 1914, and addressed to said defendant, as follows:

"Confirming verbal agreement, we herewith assign to you our stock, par value of $2,500, in the Cleveland-Empire Company, as collateral security for your loan to us of $5,000. We further agree to assign and send to you, as additional collateral for this loan, $5,000 in stock of the Club Theater Company of Baltimore, Maryland, as soon as same is issued. Stock certificates in both companies will be sent you at the same time, you to advise us at your earliest convenience whether you desire a collateral note for $5,000 in place of the one we gave you last week.

"Yours very truly,                    Progressive Circuit, Inc.,
"By James D. Barton, Secretary and Treasurer."

At the conclusion of plaintiff's proofs the second count, based upon the New York Stock Corporation Law, was withdrawn by the court from the consideration of the jury, and the cause submitted to the jury on the first count. A verdict was returned of no cause of action, and the plaintiff has moved for a new trial on grounds of which only the following are argued or mentioned by plaintiff in his brief: (1) That the court erred in its instructions to the jury regarding the nature and effect of the letter of July 14, 1914, a date prior to the statutory four months period. (2) That the court erred in receiving in evidence the letter just mentioned. (3) That the court erred in dismissing from the consideration of the jury the second count of the declaration. These contentions will be discussed in the order named.

[1] 1. It is urged that the court erred in charging the jury concerning the legal effect of the letter of July 14, 1914, and its relation to the issues involved. On this subject the court charged the jury in substance that, if they found from the evidence in the case that the aforesaid instrument of July 14th, signed by the secretary and treasurer of the bankrupt, represented the true agreement and transaction between the parties, and that such agreement was made more than four months before the filing of the petition in bankruptcy, and that in accordance therewith the said shares of stock of the Cleveland-Empire Company were subsequently turned over to the defendant, the jury should return a verdict of no cause of action.

I am satisfied that there was no error in the instructions on this subject. The instrument of July 14th shows upon its face that, confirming a verbal agreement made at or prior to the date just mentioned, which was more than four months prior to the date of the filing of the petition in bankruptcy, January 16, 1915, the bankrupt corporation then and thereby assigned to the defendant the Cleveland-Empire Company stock in question. If, then, the letter correctly set forth the real transaction between the parties, the transfer complained of occurred before the four months period. Under the evidence, this was a question for the jury, and was properly submitted to it.

It will be noted that the instrument referred to shows upon its face that it is a legal assignment, that is, a transfer of the property alleged to have been preferentially transferred; and if such transfer antedated the four months period before the filing of the bankruptcy petition, it did not constitute a voidable preference under the Bankruptcy Act. It is also clear from the language of this instrument that it was not made pursuant to a prior verbal agreement, but was merely confirmatory of such verbal agreement, which was itself an assignment of the stock in question, at least in equity. It is plain, therefore, that the transaction constituted, ·if not a legal, at least an equitable, assignment of this stock, and created an equitable lien thereon in favor of the defendant. In this view of the matter, the subsequent written assignment, and the still later delivery of the certificates of said stock, were merely formal and incidental to the real transfer, made prior to the statutory period. Sexton v. Kessler & Co., 225 U. S. 90, 32 Sup. Ct. 657, 56 L. Ed. 995; Clark v. Sigua Iron Co., 81 Fed. 310, 26 C. C. A. 423 (C. C. A. 3); McDonald v. Daskam, 116 Fed. 276, 53 C. C. A. 554 (C. C. A. 7); Union Trust Co. v. Bulkeley, 150 Fed. 510, 80 C. C. A. 328 (C. C. A. 6); Lowell v. International Trust Co., 158 Fed. 781, 86 C. C. A. 137 (C. C. A. 1); Gage Lumber Co. v. McEldowney, 207 Fed. 255, 124 C. C. A. 641 (C. C. A. 6); 5 C. J. 911.

2. The contention that the letter in question was erroneously received in evidence is without merit. The signature of the person by whom it was signed as secretary and treasurer of the bankrupt corporation was properly identified, and the letter was written on the letter head of said corporation, on which the name of the writer, as secretary and general manager thereof, was printed. When first offered and received in evidence, counsel for plaintiff stated that there was no objection. Later a motion to strike it out was made, but no grounds for such motion were urged beyond the claim that it was "incompetent," and was inadmissible under the Michigan statute prohibiting the opposite party from testifying to facts equally within the knowledge of a deceased person in certain cases. This evidence was offered on behalf of such deceased, and not by the opposite party, and is clearly not within the scope of such statute. Furthermore, no exception was taken to the ruling admitting this letter, or to the refusal to strike it out. The objection is overruled.

3. The New York statute invoked and relied on by plaintiff is section 66 of the Stock Corporation Law (chapter 61, Laws 1909, being also know as chapter 59, Consolidated Laws of New York), providing as follows:

"No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid, except that laborers' wages

for services shall be preferred claims and be entitled to payment before any other creditors out of the corporation assets in excess of valid prior liens or incumbrances. No corporation formed under or subject to the banking, insurance or railroad law shall make any assignment in contemplation of insolvency. Every person receiving by means of such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors or stockholders or other trustees. No stockholder of any such corporation shall make any transfer or assignment of his stock therein to any person in contemplation of its insolvency. Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void. * * * No such conveyance, assignment or transfer shall be void in the hands of a purchaser for a valuable consideration without notice. Every director or officer of a corporation who shall violate or be concerned in violating any provisions of this section, shall be personally liable to the creditors and stockholders of the corporation of which he shall be a director or an officer to the full extent of any loss they may respectively sustain by such violation."

There was no evidence that on or prior to July 14, 1914, the bankrupt corporation had refused to pay any of its notes or other obligations, or that it was insolvent, or that its insolvency was imminent, or that it had made the arrangement shown by the letter in question with the intent of giving a preference to the defendant over other of its creditors, or that it had made such arrangement in contemplation of its insolvency. It therefore appeared that the only feature of a preference under this statute, which would not be also an element of a preference under the Bankruptcy Act, was the lack of any limitation upon the time within which such preference must have occurred in order that it should be voidable.

[2] Now, under the evidence in the case and the instructions of the court, the jury must have found, either that the alleged preferential transaction occurred within the period of four months prior to bankruptcy, but that the essential elements of a preference under the Bankruptcy Act were lacking, or else that the transaction complained of occurred as indicated by the letter of July 14th and therefore was not a voidable preference, even if followed by delivery during the four months period. It is therefore unnecessary to consider the question whether the count based on the New York statute was properly withdrawn from the consideration of the jury, because, where it is evident that a correct result has been reached, questions concerning the correctness of particular rulings not affecting such result are immaterial. Ætna Indemnity Co. v. J. R. Crowe Coal & Mining Co., 154 Fed. 545, 83 C. C. A. 431; Donohue v. Boston & Maine R. R. Co., 209 Fed. 824, 126 C. C. A. 548; Vagaszki v. Consolidation Coal Co., 225 Fed. 913, 141 C. C. A. 37; Howland v. Corn, 232 Fed. 35, 146 C. C. A. 227.

The other grounds for a new trial stated in the motion therefor, while not argued or mentioned in the briefs, have been carefully considered, and are, in my opinion, plainly without merit.

For the reasons stated, the motion for a new trial is denied.