## In re PINGEL.

(District Court, E. D. Michigan, S. D.   August 14, 1922.)

No. 5227.

1. **Bankruptcy ☞159—Insolvency and reasonable cause to believe transfer will effect preference essential to voidable preference.**

Under Bankruptcy Act, §§ 57g, 60b (Comp. St. §§ 9641, 9644), insolvency of the bankrupt at the time of a transfer and reasonable cause on the part of the transferee to believe that its enforcement will effect a preference are essential elements of a voidable preference, and if either is lacking the transfer is not a voidable preference.

2. **Bankruptcy ☞160—"Insolvent," within statute as to preference, defined.**

Bankruptcy Act, § 60b (Comp. St. § 9644), relative to preferences, does not use the term "insolvent" in its common-law sense, but as meaning, as stated in section 1a, cl. 15 (section 9585), insufficiency of one's property at a fair valuation, exclusive of property conveyed, etc., with intent to defraud, to pay his debts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insolvency—Insolvent.]

3. **Bankruptcy ☞163—Chattel mortgage is "transfer," within statute as to preferences.**

In view of Bankruptcy Act, § 1a, cl. 25 (Comp. St. § 9585), defining "transfer" as including the sale and every other mode of disposing of, or parting with, property, etc., a chattel mortgage was a "transfer," within section 60b (section 9644), relative to preferences.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transfer.]

4. **Bankruptcy ☞303(1)—Burden of proving preference on party asserting invalidity of transaction.**

The burden of proving a transfer to be a voidable preference rests on the person asserting the invalidity of the transaction.

In Bankruptcy. In the matter of Walter J. Pingel, bankrupt. On review of an order of the referee disallowing a claim in part as a secured claim. Order set aside, and proceedings remanded, with instructions.

John J. Gafill, of Detroit, Mich., for petitioner.
F. H. Wurzer, of Detroit, Mich., for trustee.

TUTTLE, District Judge. This is a petition by the First National Bank of Birmingham, Mich., one of the creditors of the bankrupt, to review an order of one of the referees in bankruptcy denying to the petitioner the priority alleged by it to result from a certain chattel mortgage. The order complained of recites that:

"Whereas, it appears from the testimony * * * that the consideration of said mortgage was in part only a present consideration, it is therefore ordered that said claim be allowed as a secured claim in the amount of the present consideration only, $400 and interest accrued, and allowed as a general claim for the remainder of said consideration, $1,746 and interest accrued."

This is the sole ground mentioned in said order as the basis thereof. The return of the referee is as follows:

"During the course of the proceedings before me in said matter, the following question arose pertinent to the said proceedings: 'Is a claim based on a chattel mortgage covering assets of the bankrupt, which mortgage was given to secure the payment of certain promissory notes of the bankrupt to the mortgagee, a secured claim for the amount of any notes given prior to the execution of the mortgage, and not a part of the transaction involving the mortgage?' The facts in this case are very simple. The bankrupt had, from time to time, borrowed considerable sums of money from the claimant herein, which is the bank at which he had been doing business for five years, and had given his promissory notes therefor. The claim as filed herein covers four of such notes, dated and in amounts as follows:

| | |
|---|---:|
| September 29, 1921 | $ 500.00 |
| November 28, 1921 | 896.00 |
| December 7, 1921 | 350.00 |
| December 10, 1921 | 400.00 |
| | $2,146.00 |

"According to the testimony, the note dated September 19, 1921, for $500, was a renewal note; the note dated November 28, 1921, for $896, was also a renewal note, the amount of the original note having been $1.000; and the note dated December 7, 1921, for $350, was likewise a renewal of a note which was originally $500. So that the only new and original transaction at the time of the execution of the mortgage was the giving and taking of the new note, dated December 10, 1921, for $400. The bankruptcy ensued on January 26, 1922. The bankrupt testified, and his testimony is uncontradicted, that a representative of the bank came to him, just before the last-named note was made, demanding a mortgage to cover its existing loans to him, to which he agreed on condition that the bank then lend him $400 more, which it did. The bankrupt also testified that the reason that the bank wanted the mortgage was because it was afraid that 'somebody else' would close him up.

"The claimant herein filed a secured claim for the entire amount of all of said notes. The trustee objected to the allowance of the claim as a secured claim, and a hearing was duly held, at which counsel were fully heard. It being clear that the only present consideration for the mortgage was the loan of $400, represented by the note given December 10, 1921, the claim was allowed as a secured claim for that amount, together with accrued interest, and the balance of said claim was allowed as a general claim in the sum of $1,746, the total amount of the other three notes, together with the interest accrued.

"The question is certified to the judge for his opinion."

The evidence shows that the chattel mortgage in question was dated, executed, and duly filed for record on December 10, 1921. Said order was evidently based upon the erroneous conclusion of the referee that the chattel mortgage in question constituted, to the extent to which it was set aside, a voidable preference, within the meaning of the Bankruptcy Act (Comp. St. §§ 9585–9656).

Section 57g of the Bankruptcy Act (Comp. St. § 9641) provides, among other things, as follows:

"The claims of creditors, who have received preferences, voidable under section sixty, subdivision b, * * * shall not be allowed unless such creditors shall surrender such preferences."

The provision of the Bankruptcy Act defining and explaining a voidable preference is section 60b (section 9644), the pertinent language of which is as follows:

"If a bankrupt shall have * * * made a transfer of any of his property, and if, at the time of the transfer * * * or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent

and the * * * transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such * * * transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

[1] It will be noted that two necessary elements of a voidable preference are (1) the insolvency of the bankrupt at the time of the making of the preferential transfer and (2) reasonable cause, on the part of the transferee, to believe that the enforcement of such transfer will effect a preference. If either one of these be lacking, the transfer in question is not a voidable preference under the Bankruptcy Act. The language of section 60b just quoted is plain and unambiguous in these respects, and leaves no room for doubt as to its meaning. The essential character of these preferential elements has been many times pointed out by this court. Donohue v. Dykstra, 247 Fed. 593; In re Keller, 252 Fed. 942; Wiener v. Union Trust Co., 261 Fed. 709; In re Dagwell, 263 Fed. 406; In re Standard-Detroit Tractor Co., 275 Fed. 952; In re Ann Arbor Machine Co., 278 Fed. 749.

There is no evidence which would warrant a finding that the bankrupt was insolvent at the time of the execution and recording of the chattel mortgage involved, or that the petitioner at that time had reasonable cause to believe that the enforcement of such mortgage would effect a preference. The referee has made no such findings.

[2] The term "insolvent" is here used, not in its common-law sense, as indicating the inability of a person presently to pay his debts as they mature, but with the meaning expressed by section 1a (15) of the Bankruptcy Act (Comp. St. § 9585), which provides that—

"A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts."

See In re Walker Starter Co., 235 Fed. 285, 148 C. C. A. 645 (C. C. A. 7).

[3] The word "transfer," as defined in section 1a (25) of the Bankruptcy Act (Comp. St. § 9585), includes "the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security," and therefore the chattel mortgage in question was a transfer within the meaning of the language of section 60b hereinbefore quoted.

[4] The burden of proving the facts necessary to constitute legal grounds for the asserted invalidity of the transaction involved rests upon the person asserting such invalidity. Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 584; Bank of Commerce v. Brown, 249 Fed. 37, 161 C. C. A. 97 (C. C. A. 4); In re Ann Arbor Machine Co., supra. Such burden has not been sustained by said trustee, and it necessarily follows that the order of the referee must be set aside, and the proceedings remanded, with instructions to enter an order in conformity to the terms of this opinion.