### In re UTRECHT COAL CO., Inc.

### SUN COAL CORPORATION v. HARTWELL & LESTER, Inc., et al.

### No. 315.

Circuit Court of Appeals, Second Circuit.
March 20, 1933.

Natanson, Rabin, Pack & Abrams, of New York City, for appellant Sun Coal Corporation.

Mesard & Mesard, of New York City (Charles Abrams and Samuel L. Scholer, both of New York City, of counsel), for appellant Utrecht Coal Co.

Guerra Everett, of New York City (Philip Burnett Thurston, of New York City, of counsel), for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This is an appeal from an order entered adjudging the Utrecht Coal Company, Inc., an involuntary bankrupt. The petition was filed by three creditors on July 16, 1932. An answer was filed, and, after a trial before the court, bankruptcy was decreed. The petition asserts that while insolvent the alleged bankrupt transferred moneys, amounting to a considerable sum, to the appellant, a creditor, with intent thereby to prefer such creditor over other creditors of the same class. By reason of this, an unlawful preference is claimed.

It is established that on April 22, 1932, the alleged bankrupt entered into a consignment agreement with the appellant and, pursuant thereto, the alleged bankrupt assigned its accounts receivable and executed a chattel mortgage covering certain of its property as security for the moneys due. Both the assignment of the accounts receivable and the chattel mortgage were executed within four months prior to the filing of the petition. This assignment was made and required to enable the alleged bankrupt to continue to receive shipments of coal from the appellant, its wholesale dealer. The only evidence of insolvency is that given by an accountant who prepared a balance sheet showing its financial condition. From that evidence it is clear that the alleged bankrupt was solvent at the time of the execution of the chattel mortgage and at the time of the filing of the petition in bankruptcy. There is no evidence to warrant the conclusion that the assignment was made to hinder or defraud creditors.

The corporation had an excess of $1,500 in assets over liabilities of $9,508.10 on June 13, 1932, as the balance sheet showed and the court below found. The court stated that it "could not pay its notes and owed current liabilities of $4,500 in excess of its current assets." But the aggregate of the property owned by the alleged bankrupt, including its current assets, as set up in the statement referred to by the court, showed yard equipment, delivery equipment, and office furniture. Its entire property, on the valuations disclosed, presented this excess of assets over liabilities.

It is not enough to warrant an adjudication in bankruptcy to find that it "could not pay its notes and owed current liabilities of $4,500 in excess of its current assets." The corporation was not insolvent because it could not pay its current liabilities. The test is the relation of the aggregate of liabilities to assets. The ability or inability to pay debts as they mature is not a determining factor of insolvency in bankruptcy. In re Walker Starter Co., 235 F. 285 (C. C. A. 7); In re Pingel (D. C.) 283 F. 664; McGill v. Commercial Credit Co. (D. C.) 243 F. 637; In re Doscher (D. C.) 120 F. 408. A person is defined in the Bankruptcy Act as insolvent (section 1, subd. 15, 11 USCA § 1 (15), whenever the aggregate of his property, exclusive of any property which he may have conveyed, concealed, transferred, or removed with intent to defraud, hinder, or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts. Section 3a (2), 11 USCA § 21 (a) (2), stating that a transfer while insolvent to a creditor with an intent to prefer constitutes an act of bankruptcy, has universally been construed as relating to preference and constituting an act of bankruptcy only if the debtor at the time of granting the preference is insolvent within the meaning of that term as defined in the Bankruptcy Act. West Co. v. Lea, 174 U. S. 590, 19 S. Ct. 836, 43 L. Ed. 1098; Leidigh Carriage Co. v. Stengel, 95 F. 637 (C. C. A. 6). The courts adhere to the definite criterion fixed by the Bankruptcy Act for measuring solvency. In re Rome Planing-Mill Co. (D. C.) 99 F. 937; In re Baumann (D. C.) 96 F. 946. A person may be solvent within the meaning of the statute, even though he is unable to meet current liabilities, where the fair valuation of his assets is sufficient to pay his debts. And, where the alleged act of bankruptcy consists in granting a preference to a creditor, the property transferred is to be considered as an asset of the debtor in determining the solvency at the time of the preference. Thus the execution of a chattel mortgage and the assignment of accounts were not acts of bankruptcy under these circumstances. Johnson-Baillie Shoe Co. v. Bardsley, Elmer & Nichols, 237 F. 763 (C. C. A. 8); In re Hines (D. C.) 144 F. 142.

In the instant case, the accounts receivable showed $4,958.47, and these were assigned to the Sun Coal Corporation and a chattel mortgage on fixed assets executed to it as security for a liability then owing. The accountant testified that the assets of the company exceeded its liabilities in April, 1932, and that, on June 13, 1932, the assets of the corporation again exceeded its liabilities, even though a reserve for depreciation of items listed as fixed assets was set up and deducted. This, the only testimony offered, supports the appellant's contention that the corporation was solvent within the meaning of the Bankruptcy Act. The order was therefore improperly entered.

Order reversed.