**HARRIS v. JACKSON et al.**

**No. 73.**

District Court, E. D. Oklahoma.

Dec. 2, 1939.

F. E. Riddle, of Tulsa, Okl., for plaintiff.

W. M. Haulsee and A. S. Norvell, both of Wewoka, Okl., for defendants Davis A.

Jackson, Rhina Jackson, A. S. Norvell, and R. S. Norvell.

L. G. Owen, Forrest M. Darrough, and J. L. Seger, all of Tulsa, Okl., and Anglin & Stevenson, of Holdenville, Okl., for defendant. Carter Oil Co.

FRANKLIN E. KENNAMER, District Judge.

On March 13, 1939, plaintiff filed herein his motion denominated "Motion For Leave To File A Complaint of Review," attaching thereto a copy of said proposed complaint which had for its objects the vacation and setting aside of two former judgments of this Court, namely, decree entered April 18, 1932 in No. 3948 Equity-Consolidated, and decree entered May 3, 1934 in No. 4537 Equity-Consolidated. On the same day, the court, acting upon said motion without notice to the defendants named in the complaint, granted leave and the plaintiff filed his complaint in which Davis A. Jackson, Rhina Jackson, A. S. Norvell, the administrator or legal representative of R. S. Norvell, deceased, and the Carter Oil Company, a corporation, were made defendants. Subsequently, plaintiff has filed an amended complaint. Also, it is shown that R. S. Norvell is not deceased, and he appears as a defendant in his own proper person.

All defendants have filed motions and amendments thereto to vacate the order granting leave to file the complaint, and also, in the alternative, motions for a more definite statement, and motions to dismiss. Hearing has been had upon these motions.

Where hereinafter the term "plaintiff" (referring to the plaintiff in this action) is used, unless otherwise specified, it shall be intended as referring to Raymond Jackson, the ward, and not to James A. Harris, the plaintiff guardian.

A very unusual situation is presented by this record. It appears that one Raymond Jackson, a Seminole Freedman, was allotted 40 acres of land in Seminole County. He was the son of the defendants, Davis A. Jackson and Rhina Jackson. While said allottee was a minor, defendant Davis A. Jackson, his guardian, with court approval, executed an oil and gas lease on said lands. Thereafter, defendant, Carter Oil Company, became the owner of this lease, and about 1928 it became valuable through oil production. In the meantime, Raymond Jackson had disap-

peared in 1921. Beginning with 1928, at least three persons appeared, this plaintiff being one of them, each claiming to be the allottee, Raymond Jackson. Several suits were brought to substantiate the respective claimants' rights to the rich oil property. To distinguish plaintiff from the other claimants, in the litigation developed in this court he became known as "California Raymond Jackson." The several cases in this court involving plaintiff and others claiming to be Raymond Jackson, and the present defendants, as to interests asserted in the property were consolidated, and the trial resulted in the decree of April 18, 1932, above mentioned, in which the court found that the allottee, Raymond Jackson, was killed by a railroad train at Blue Mountain, Arkansas in 1921, and that all the claimants were impostors. This plaintiff undertook an appeal to the Circuit Court of Appeals, but failed to perfect it. The Circuit Court of Appeals upon an appeal perfected by another of the claimants rendered an opinion affirming the finding of the trial court that the true Raymond Jackson died in 1921 as a result of the railroad accident aforesaid, leaving as his sole heirs, the defendants, Davis A. Jackson and Rhina Jackson, respectively his father and mother. See opinion, Jackson v. Jackson et al., 10 Cir., 67 F.2d 719.

On March 26, 1934, by leave of court, this plaintiff filed a bill to impeach the decree of April 18, 1932, with all of the present defendants made defendants to such bill. Impeachment of said decree was sought on the grounds of fraud and newly discovered evidence. It appears, also, that plaintiff sought a remedy by way of a bill of review. A trial of the causes consolidated resulted in the decree of May 3, 1934 above mentioned whereby the suit of plaintiff was dismissed with prejudice. The court specifically found that plaintiff was not the son of Davis and Rhina Jackson, and was not the allottee of the lands in controversy, but that he was an impostor. Plaintiff sought an appeal to the Circuit Court of Appeals, but failed to perfect same, and the defendants caused his appeal to be docketed and dismissed by the appellate court.

On July 26, 1937, this plaintiff by leave of this court filed a bill of review to impeach said final judgments of April 18, 1932 and May 3, 1934. On March 14, 1938, this court entered an order vacating the

order of July 26, 1937 granting leave to file said bill of review.

The above is a brief history of the activities of plaintiff as a litigant in this and the appellate court to establish himself as Raymond Jackson, the son of Davis A. Jackson and Rhina Jackson, prior to his present complaint, as reflected by said complaint and the exhibited records.

Under the state of the record now before me, I think it best to dispose of this case upon the Motions to Dismiss.

If the amended complaint be treated as the commonly known bill of review, its scope has the limitations defined by 7 Hughes Fed.Prac., § 4491, as follows:

"A bill of review may be brought to modify or reverse a decree given in a suit in equity. It has been defined as a proceeding in the nature of a writ of error, or a bill filed after a final decree in the original suit, between the original parties or their privies in representation, to correct errors in the proceeding on the decree. * * *

"Only two grounds are given, generally, for a bill of review: (1) An error in the decree, apparent upon its face; and (2) newly discovered evidence, material in character, that could not have been discovered earlier with due diligence, which should materially affect the decree and probably produce a different result."

Plaintiff undertakes in the closing part of his complaint to summarize his grounds of impeachment, specifying several claimed apparent errors, and also grounds of alleged extrinsic fraud. He contends that his original suit which was against the defendant, Carter Oil Company, although entitled and filed as a bill in equity, was purely an action at law and that the court erred in not transferring same to the law docket, and was without jurisdiction to entertain said suit as a court of equity. There was no motion to transfer, and plaintiff consented to the consolidation of his suit with equitable suits and made no objection to going to trial on the equity docket. Thereby, he waived any right to object to a failure to transfer. Fay v. Hill, 8 Cir., 249 F. 415, 417; Hooven, Owens & Rentschler Company v. John Featherstone's Sons, 8 Cir., 111 F. 81; Madden v. McKenzie, 9 Cir., 144 F. 64.

He also contends that his original bill aforesaid did not allege a diversity of citizenship so as to confer jurisdiction on this court, and the court should have dismissed his bill for want of jurisdiction therefor. If the bill did not in express terms contain proper jurisdictional averments in this respect, it was tendered by the plaintiff as a bill within the court's jurisdiction, treated by all parties as such, and the court, by the decree of April 18, 1932, expressly found that it had jurisdiction of the several consolidated causes and the parties thereto. Certainly there can be no merit in this position of plaintiff. The decree is conclusive on this point. Besides there is nothing on the face of the bill to show a lack of jurisdiction. Plaintiff also claims "error apparent" in the consolidation of the causes, the trial of which resulted in the decree of April 18, 1932. A party who consents to a consolidation may not complain that he was prejudiced by the procedure. Donohue v. Boston & M. R. R. Co., 2 Cir., 209 F. 824. A party may not complain of error which he himself induced the court to commit, or in which he has acquiesced, or consented. 8 Hughes Fed.Prac., § 5613. As another ground of error, plaintiff suggests that since he sought, during the trial of the consolidated causes which culminated in the decree of April 18, 1932, a dismissal without prejudice of his original bill against the Carter Oil Company, the court lost jurisdiction of the cause when the motion to dismiss was presented. Opposing parties were seeking affirmative relief against plaintiff. Clearly, the court was correct in denying a dismissal without prejudice by him.

After a careful consideration, I find nothing in the way of "error apparent" sufficient to sustain plaintiff's complaint. Moreover, in his pleading filed herein on August 9, 1939, protesting the filing of a second amendment to defendant's motions to vacate the order granting leave to file bill of review, and to their motions to dismiss, plaintiff asserts that his complaint is not strictly a bill of review or in the nature of a bill of review, but is an independent suit to cancel and vacate the decrees complained of as having been obtained by extrinsic fraud. Without adverting to the technical differences between a bill of review and an independent suit to impeach a decree, it would seem that plaintiff's said statement recognizes that there

188

is nothing of soundness alleged in his complaint so far as "error apparent" is concerned.

■ Plaintiff has submitted numerous affidavits along with his complaint; a large portion of them concerning his identity as the true Raymond Jackson. This issue has been heretofore twice decided against plaintiff by the decrees of which he complains, and said decrees have long ago become final. The contents of these affidavits are mostly cumulative to testimony heretofore offered by plaintiff at prior trials. Whatever of new contained in same, could have been available to plaintiff long ago by any exercise of reasonable diligence, and presented at the other trials. Therefore, as a basis for a bill of review upon the grounds of newly discovered evidence, they should be entitled to little weight.

■ The allegations of extrinsic fraud, consisting mainly of bribery of witnesses and acts of the defendants which prevented plaintiff from presenting his evidence, and which, he says, procured the adverse decree of April 18, 1932 against him, are in substance but a rehash of the allegations in his former suit to impeach said decree. By the decree of May 3, 1934, this court found such allegations to be without merit. Plaintiff by his complaint presents no substantial reason why this issue so decided should now be retried.

■ The motions to dismiss may be sustained upon several grounds. Defendants urge that plaintiff is guilty of laches, and in this I think they are correct. A further ground for dismissal is presented for the reason that no leave of the Circuit Court of Appeals was procured before filing the complaint. It does seem that such a complaint should not be entertained by this Court without leave of the Appellate Court since the latter has once dismissed an appeal of plaintiff. From the record here presented, it is no wise difficult to find as heretofore held by the court that plaintiff is a mere pretender. It is most extraordinary when a mother denies her child. Plaintiff brings no statement from Rhina Jackson that she ever admitted he was her son. She has been available at all times, and steadfastly has maintained there is no kinship between her and plaintiff. By the record, plaintiff has admittedly masqueraded under different names, and under the name of "Willie Harjo" laid claim to be an heir of anoth-

er large sized estate with his parentage claimed for the purposes of such succession wholly different from that he now asserts.

His actions as revealed by the record stamp plaintiff as a shrewd and designing individual and as a fraud. Allegations of incompetency contained in the amended complaint are but further evidence of this. The entire record before the Court is conclusive that there is no merit to his contention in this regard. His amended complaint states no claim upon which relief may be granted.

Accordingly, the several motions of the defendants to dismiss are sustained, and this cause is hereby dismissed with prejudice as to all defendants.